(101 App. Div. 6)

McMANUS v. ANNETT.

(Supreme Court, Appellate Division, Second Department. January 20, 1905.)

1. CONTRACT—FIRE ESCAPES—CONSTRUCTION—PERFORMANCE.
　　Plaintiff, in answer to an inquiry from defendant as to the cost of fire escapes on certain buildings "to comply with present law," agreed to do the work to the "satisfaction of the tenement house department" for a stipulated price. The proposal was accepted, and plaintiff directed to

send the bill, with the certificate of the tenement house department attached, on completion of the work. When the contract was made, Laws 1901, p. 891, c. 334, § 12, provided that tenement houses less than four stories high might be equipped with escapes approved by the department of buildings. Before the work was completed the law was changed by Laws 1903, p. 395, c. 179, so that the tenement house department could approve escapes on buildings such as defendant's. *Held*, that the contract required only such fire escapes as would satisfy the tenement house department when completed, and a production of such department certificate of approval entitled plaintiff to recover.

Appeal from Municipal Court of City of New York.

Action by James W. McManus against Mary C. B. Annett, as trustee under the will of Stephen C. Burdett, deceased. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, and HOOKER, JJ.

William F. Connell, for appellant.

George V. Brower, for respondent.

HIRSCHBERG, P. J. The action is brought to recover the sum of $180, the contract price for the construction of fire escapes on the rear of the buildings Nos. 374, 376, and 378 Atlantic avenue, in the borough of Brooklyn. The contract is contained in correspondence between the plaintiff and Charles E. Annett, acting on behalf of the defendant. The answer admits the making of the contract, but denies performance on the plaintiff's part, alleging that "the fire escapes furnished by the plaintiff are not according to the contract." The Municipal Court justice before whom the case was tried, in dismissing the complaint, filed a memorandum saying, "I find that the plaintiff has not complied with the terms of the contract," and this ruling presents the only question for review.

On the 3d of April, 1903, Annett wrote the plaintiff as follows:

"Please send me the cost of constructing and putting up complete, with two coats of paint, Fire escapes on 374–6–8 Atlantic Avenue, Brooklyn, N. Y. to comply with present law."

The plaintiff replied under date of April 4, 1903, as follows:

"I will furnish and put up Fire escapes on rear of 374–376–378 Atlantic Ave. satisfactory to tenement house dept. of this city for the sum of one hundred & eighty ($180) dollars. They have to be painted twice to pass. No painting or papering done on inside of Bldg. where bolts have to go through walls."

On April 7, 1903, Annett replied to the plaintiff's proposition as follows:

"Please go ahead with the fire escapes as per your letter of April 4th, and notify the tenement house department that you have the contract, and send their certificate with your bill. Please see that your men do as little interior damage as possible."

The plaintiff completed the fire escapes in the month of June following this correspondence, and furnished to the defendant, with his bill for the contract price, the certificates of the tenement house department certifying that the construction was according to law;

but the theory of the decision in the court below is that the contract called only for the construction of such fire escapes as would have satisfied the law on April 3, 1903, which it is claimed the ones actually constructed would not have done. In other words, the claim of the defendant is that at the time of the correspondence the law required that fire escapes for buildings of the character of those in question should consist of stairs and balconies, while those which were approved by the tenement house department in this instance consist of vertical ladders only. What little force the defendant's contention has is found in the fact that at the time of the correspondence section 12 of the law known as the "Tenement House Act" (chapter 334, p. 891, Laws 1901) provided that fire escapes should consist of "outside open iron balconies and stairways." But this requirement was qualified by the provision that "tenement houses that are less than four stories in height, and which also do not contain accommodations for more than four families only [the condition, as I understand it, of the defendant's buildings], may be equipped with such other iron, steel or wire cable fire escapes as may be approved by the department of buildings." The law requiring the approval of the department of buildings was changed on April 14, 1903, by chapter 179, p. 395, of the Laws of that year, and the tenement house department was authorized to signify the approval required. The defendant contends that, inasmuch as at the time of the making of the contract the tenement house department had no authority to permit any deviation from the requirement of balconies and stairways, the contract must be construed as though it called for balconies and stairways in express terms. It seems to me that the contract is very explicit and that it was fully performed. The plaintiff engaged only to satisfy the tenement house department, and the defendant, through her agent, accepted the proposal, and suggested the certificate of that department as the sufficient evidence of satisfaction. The parties were entitled to select an umpire arbitrarily, and no authority of law was necessary to the validity of the umpire's decision. The fact that the defendant's agent in the first letter requested to know the costs of fire escapes "to comply with present law" is not controlling. Under the terms of the subsequent correspondence the plaintiff would still have been bound to so perform his work as to meet any additional exactions which the law might have imposed during its progress, and which would be essential to the satisfaction of the chosen arbiter, and he was entitled to the benefit of any changes either in the law or in the practice of the department in charge of the supervision of the work which would legitimately tend to make the fulfillment of his explicit engagement less difficult. Moreover, there is no evidence of the meeting of the minds of the parties upon any contract which should require the construction only of such fire escapes as might or would have been lawfully approved by constituted authority on April 3, 1903. The gist of the contract was the requirement of such fire escapes as would satisfy the tenement house department when they were completed, and such as that department would be then willing to certify were made in con-

'formity with the law; and, as such fire escapes were constructed and all conditions were fully complied with on the plaintiff's part, I see no reason why the price agreed upon should not be paid. The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.